### SNELL et al. v. J. C. TURNER LUMBER CO.

(District Court, S. D. New York. October 15, 1921.)

1. **Judgment ⬌594—Cause of action for breach of contract of employment indivisible.**

   A cause of action for breach of a contract of employment is indivisible, and one recovery is a bar to any further action for damages.

2. **Judgment ⬌594—Action for breach of contract of employment held barred by prior decree.**

   A decree in a suit for breach of a contract of employment, by which complainants were to receive a percentage of the net profits of the business, ordering an accounting and a division of the profits, *held* a bar to a second action at law on the same contract to recover damages for wrongful discharge.

At Law. Action by Frank N. Snell and Jay E. Rice against the J. C. Turner Lumber Company. On motion by plaintiffs for judgment on the pleadings. Motion denied, and judgment for defendant.

See, also, Snell v. Frank Snell Sawmill Co. (D. C.) 271 Fed. 696.

Frederick Seymour, of New York City (William M. Toomer, of Jacksonville, of counsel), for plaintiffs.

Samuel Silberger, of New York City, for defendant.

MAYER, Circuit Judge. This is a motion for judgment upon the pleadings in favor of plaintiffs against defendant upon the first defense set out in the defendant's answer in paragraphs 1 to 7, inclusive, upon the ground it is insufficient in law upon the face thereof.

The question is one of res adjudicata. Under date of July 1, 1919, a contract was entered into between the Frank Snell Sawmill Company, a Florida corporation, as party of the first part, J. C. Turner Lumber Company, a New York corporation, party of the second part, and Frank N. Snell and Jay E. Rice, parties of the third part. Inter alia, Snell and Rice agreed to manage and conduct the sawmill and logging operation at Council, Ga., of the Florida corporation, at the monthly

salary of $416.66 for Snell and $200 for Rice. These salaries were to be charged up as part of the cost of manufacturing the timber, "and in addition thereto 42 per cent. of the net profits realized by the party of the first part on its said business at Council, Ga., after the payment and retirement of its first and second mortgage bonds," etc. The contract was one of employment, as is shown by both the language and intent of the instrument. It is, for instance, provided in the contract as follows:

"It is not the intent hereby to give to the said parties of the third part a contract of permanent employment, but such employment shall continue as long as the business is efficiently managed and conducted to the satisfaction of the party of the second part, and it is the intent by the payment of 42 per cent. net profit to the said parties of the third part, to distribute the compensation between them in such proportion as will enable the said Frank N. Snell to realize the equivalent of dividends on $120,000 worth of common stock, and the said Jay E. Rice to realize the equivalent of dividends on $25,000 worth of common stock, all the parties herein realizing and agreeing that, at the present time the common stock of said corporation, the party of the first part has no value."

Snell and Rice began suit against the Florida corporation and the New York corporation in the superior court for Clinch county, state of Georgia, which suit was removed to the District Court for the Southern District of Georgia. The bill is lengthy and its details need not be set forth. In the sixth allegation thereof, however, the contract of July 1, 1919, above referred to, was pleaded, and the fifth paragraph of the prayer was as follows:

"That a strict accounting may be taken of the actual investment of the J. C. Turner Lumber Company in the stocks and bonds of Frank Snell Sawmill Company, the advances made by J. C. Turner Lumber Company to Frank Snell Sawmill Company, the commissions claimed by said J. C. Turner Lumber Company and charged or credited by the parties respectively under the terms of the contract of July 31, 1919, and that the entire business of the said Frank Snell' Sawmill Company be liquidated, and a distribution of its net profits applicable to common stock, be made on a basis of 58 per cent. to said J. C. Turner Lumber Company and 42 per cent. to your petitioners in the proportions that $120,000 bears to $25,000."

The suit was in equity and part of the relief prayed for was the accounting, the liquidation, and the distribution of net profits, above referred to.

An answer was duly interposed by both defendants. Thereafter a final decree upon consent was entered by the United States District Court in Georgia. This decree ordered, adjudged, and decreed, among other things, the following:

"To the owners of record of the preferred stock of Frank Snell Sawmill Company at face value, with interest accrued since July 1, 1919, as far as may be, and finally the surplus, if any, to J. C. Turner Lumber Company of one part and the complainants Frank N. Snell and J. E. Rice of the other part in the following proportions: 58 per cent. thereof to J. C. Turner Lumber Company, and 42 per cent. to Frank N. Snell and J. E. Rice, complainants; said latter 42 per cent. to be divided between Frank N. Snell and J. E. Rice in the ratio of 120 to 25."

Plaintiffs have now begun an action at law in this district to recover $625,000, which they claim is their damage resulting to them from the breach of the very contract of July 1, 1919, which was set up in the

bill in the Georgia suit and which, among other things, was the subject-matter of consideration in the consent decree. The action in this jurisdiction is based upon the alleged improper discharge of plaintiffs from the employ of the Florida corporation. The defendant here, viz. the New York corporation, has set up in its answer the prior suit as a bar to this action, and has attached to and made as part of its answer a certified copy of the proceedings in the prior suit.

[1, 2] It is apparent, as above stated, that the contract is one of employment. It is well settled that an action for breach of contract of employment is indivisible and one recovery is a bar to any further action for damages. In the Georgia suit, the bill prayed for and the decree adjudged the net profits to which Snell and Rice were entitled under their contract. The Georgia decree forever settled this controversy between the parties, and in any event the suit was such that the issue now sought to be opened up could have been disposed of in the Georgia suit. After a careful examination of the record of the Georgia suit, it seems to me that the questions of law involved are simple and well settled, and that the case is one which is now barred by the prior decree.

In such circumstances, plaintiffs' motion is denied, and the defendant is entitled to judgment dismissing the complaint.